## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN RILEY, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| TRITON INTERNATIONAL LIMITED, BRIAN M. SONDEY, ROBERT W. ALSPAUGH, ANNABELLE BEXIGA, MALCOM P. BAKER, CLAUDE GERMAIN, KENNETH HANAU, JOHN S. HEXTALL, TERRI A. PIZZUTO, NIHARIKA RAMDEV, ROBERT L. ROSNER, and SIMON R. VERNON, | **COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934** |
| | **JURY TRIAL DEMAND** |
| Defendants. | |

Plaintiff Sean Riley ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against Triton International Limited ("Triton" or the "Company") and Triton's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Brookfield Infrastructure Corporation ("BIPC"), through Thanos Holdings Limited and its wholly-owned subsidiary Thanos MergerSub Limited (collectively "Brookfield").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on July 6, 2023. The Proxy recommends that Triton stockholders vote in favor of a proposed transaction (the "Proposed

Transaction") whereby Triton is acquired by Brookfield. The Proposed Transaction was first disclosed on April 12, 2023, when Triton and Brookfield announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Triton shareholders will receive consideration valued at $85.00 per share, consisting of, at their election and subject to pro ration: (i) a mixture of both cash and class A exchangeable subordinate voting shares of BIPC, equal to $68.50 in cash and the number of BIPC shares with a value of $16.50 per share based upon the BIPC Final Share Price,[1] subject to adjustment; (ii) all-cash consideration; or (iii) all-BIPC share consideration, for each share of Triton common stock (the "Merger Consideration"). The deal is valued at approximately $13.3 billion and is expected to close in the fourth quarter of 2023.

3.      The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the sales process, potential conflicts of interest faced by Company insiders, financial projections prepared by Triton management, as well as the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs"), Triton's financial advisor.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Triton's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Triton's stockholders. In the event

---

[1] The "BIPC Final Share Price" means the volume weighted average price per BIPC share on the New York Stock Exchange over the ten trading days ending on the second trading day prior to the close of the Proposed Transaction.

the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5.      Plaintiff is and has been at all relevant times, the owner of shares of common stock of Triton.

6.      Defendant Triton is a corporation organized and existing under the laws of Bermuda. The Company's principal executive offices are located at Victoria Place, 5th Floor, 31 Victoria Street, Hamilton HM 10, Bermuda, and its North America Corporate Office is located at 100 Manhattanville Road, Purchase, New York 10577. Triton common stock trades on the New York Stock Exchange under the ticker symbol "TRTN."

7.      Defendant Brian M. Sondey has been the CEO of the Company, the Chairman of the Board, and a director of the Company at all times relevant hereto.

8.      Defendant Robert W. Alspaugh is and has been a director of the Company at all times relevant hereto.

9.      Defendant Annabelle Bexiga has been a director of the Company at all times relevant hereto.

10.     Defendant Malcom P. Baker has been a director of the Company at all times relevant hereto.

11.     Defendant Claude Germain has been a director of the Company at all times relevant hereto.

12.     Defendant Kenneth Hanau has been a director of the Company at all times relevant hereto.

13.     Defendant John S. Hextall has been a director of the Company at all times relevant hereto.

14.     Defendant Terri A. Pizzuto has been a director of the Company at all times relevant hereto.

15.     Defendant Niharika Ramdev has been a director of the Company at all times relevant hereto.

16.     Defendant Robert L. Rosner has been a director of the Company at all times relevant hereto.

17.     Defendant Simon R. Vernon has been a director of the Company at all times relevant hereto.

18.     Nonparty BIPC is a corporation organized and existing under the laws of British Columbia. BIPC's principal executive offices are located at Brookfield Place, 181 Bay Street, Suite 300 Toronto, ON M5J 2T3 Canada. Brookfield common stock trades on the New York Stock Exchange under the ticker symbol "BIPC."

19.     Nonparty Thanos Holdings Limited is an exempted company limited by shares incorporated under the laws of Bermuda.

20.     Nonparty Thanos MergerSub Limited is an exempted company limited by shares incorporated under the laws of Bermuda and a subsidiary of Thanos Holdings Limited.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

22.     Personal jurisdiction exists over each Defendant either because the Defendant

conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

23.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

### FURTHER SUBSTANTIVE ALLEGATIONS

**A.  Background of the Company and the Proposed Transaction**

24.      Triton is a lessor of intermodal freight containers with a container fleet of over 7 million twenty-foot equivalent units. Triton's global operations include acquisition, leasing, re-leasing and subsequent sale of multiple types of intermodal containers and chassis.

25.      On April 11, 2023, the Company entered into the Merger Agreement with Brookfield.

26.      According to the press release issued on April 12, 2023, announcing the Proposed Transaction:

### TRITON INTERNATIONAL TO BE ACQUIRED BY BROOKFIELD INFRASTRUCTURE IN A $13.3 BILLION TAKE-PRIVATE TRANSACTION

*Triton common shareholders to receive consideration valued at $85 per share, including $68.50 in cash and $16.50 in class A shares of Brookfield Infrastructure Corporation*

*Represents a 35% premium to Triton's closing share price on April 11, 2023 and a 34% premium to the 30-day volume-weighted average share price*

HAMILTON, Bermuda, April 12, 2023 /PRNewswire/ -- Triton International Limited (NYSE: TRTN)   ("Triton" or the "Company") and Brookfield Infrastructure Partners L.P. ("BIP") (NYSE: BIP, TSX: BIP.UN), through its subsidiary Brookfield Infrastructure Corporation ("BIPC") and its institutional

partners (collectively, "Brookfield Infrastructure"), jointly announce a definitive agreement for Triton to be acquired in a cash and stock transaction valuing the Company's common equity at approximately $4.7 billion and reflecting a total enterprise value of approximately $13.3 billion.

"We believe this transaction provides an excellent outcome for all of Triton's stakeholders," commented Brian M. Sondey, Chief Executive Officer of Triton. "The sale price provides significant value to our investors and represents a 35% premium to yesterday's closing share price.  For our long-term shareholders, this transaction crystalizes a total shareholder return of approximately 700% since the 2016 merger of Triton and TAL International.  For our customers and employees, Brookfield Infrastructure's significant resources and long-term investment horizon will support Triton's franchise, underpin our commitment to providing unrivaled service, and support continued investment in our growing business."

"Triton is an attractive business with highly contracted and stable cash flows, strong margins and a track record of value creation," said Sam Pollock, Chief Executive Officer of Brookfield Infrastructure.   "This transaction provides Brookfield Infrastructure with a high going-in cash yield, strong downside protection, and a platform for growth in the transportation and logistics sector.  The transaction consideration also provides the opportunity for Triton shareholders to benefit from owning a globally diversified portfolio of infrastructure assets within a platform that has a proven history of generating long-term value for its shareholders."

Triton is the world's largest owner and lessor of intermodal containers and is a critical provider of transportation logistics infrastructure supporting global supply chains.  The Company has built an irreplaceable asset base, delivers high levels of utilization and maintains strong customer relationships.  Triton is led by a proven management team and Brookfield Infrastructure looks forward to partnering with them to enhance the business under private ownership.

Brookfield Infrastructure intends to maintain Triton's existing investment grade capital structure, uphold the highest operating and customer service standards for the benefit of Triton's customers and stakeholders, and help grow the business, aided by Brookfield Infrastructure's substantial access to long-term private capital.

**Transaction Consideration**

The total consideration of $85.00 per Triton common share ("Triton Share") will consist of $68.50 in cash and $16.50 in BIPC class A exchangeable shares ("BIPC Shares") (NYSE: BIPC, TSX: BIPC).  At closing, BIP's equity investment is expected to be approximately $1 billion, inclusive of the BIPC shares.

The stock portion of the consideration is subject to a collar, ensuring Triton shareholders receive the number of BIPC shares equal to $16.50 in value for every Triton Share if the ten-day VWAP of BIPC Shares (measured two days prior to

closing) (the "BIPC Final Stock Price") is between $42.36 and $49.23. Triton shareholders will receive 0.390 BIPC Shares for each Triton Share if the BIPC Final Stock Price is below $42.36, and 0.335 BIPC Shares for each Triton Share if the BIPC Final Stock Price is above $49.23. With the collar, between 18.4 and 21.3 million BIPC Shares will be issued to Triton shareholders.

Triton shareholders will be able to elect to receive the mixed cash/stock consideration described above, or all-cash or all-stock consideration, subject to proration to the extent cash or stock is oversubscribed. Regardless of the mix elected, the value per share will be equalized ahead of closing, such that the value of each election choice will be substantially the same.

### Approvals and Timing

The transaction is expected to close in the fourth quarter of 2023, subject to customary closing conditions, including approval by Triton's shareholders and receipt of required regulatory approvals. The transaction has been unanimously approved and recommended by the Board of Directors of Triton. The transaction has also received all required approvals from Brookfield Infrastructure, is not subject to a financing condition, and is not subject to approval from BIPC shareholders.

Prior to closing, Triton intends to maintain its current quarterly dividend on the Triton common shares. Upon the closing of the transaction, Triton's common shares will be delisted from the New York Stock Exchange. Triton's Series A-E cumulative redeemable perpetual preference shares will remain outstanding.

### B. The Materially Incomplete and Misleading Proxy

27.     On July 6, 2023, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

> *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

28.     The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of

Goldman Sachs's fairness opinion, Goldman Sachs reviewed "certain internal financial analyses and forecasts for Triton prepared by its management, as approved for Goldman Sachs' use by Triton." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Triton's management provided to the Board and Goldman Sachs.

29.     Notably, Defendants failed to disclose: (i) the financial forecasts provided by Triton to Brookfield in October 2022; (ii) the preliminary financial projections for Triton provided by Company management and reviewed at the January 12, 2023 Board meeting; and (iii) the line item entries forming the basis for the calculation of the Company's Net Income Attributable to Common Shareholders.

30.     This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Goldman Sachs's Financial Analyses*

31.     With respect to the *Illustrative Dividend Discount Analysis*, the Proxy fails to disclose: (i) the terminal year estimate of the Company's tangible book value that was utilized by Goldman Sachs to calculate the Company's terminal values; (ii) the Company's terminal values; (iii) the key inputs, data, and assumptions forming the basis of the range of discount rates of 8.0% to 9.5% applied by Goldman Sachs; and (iv) the Company's outstanding shares on a fully diluted basis.

32.     With respect to the *Illustrative Present Value of Future Share Price Analysis*, the Proxy fails to disclose: (i) the cumulative dividends per Company common share anticipated to be paid to the common stockholders through the end of each of fiscal years 2023, 2024, and 2025; (ii) the projected year-end quantity of Company outstanding shares on a fully diluted basis for each of fiscal years 2023, 2024, and 2025; and (iii) the key inputs, data, and assumptions forming the

basis of the 8.75% discount rate applied by Goildman Sachs.

33.    With respect to the *Premia Paid Analysis*, the Proxy fails to disclose: (i) the specific transactions analyzed by Goldman Sachs; and (ii) the specific premia for each of the transactions.

### Materially Incomplete and Misleading Disclosures Concerning the Flawed Process

34.    The Proxy also fails to disclose material information concerning the sales process.

35.    Specifically, the Proxy fails to disclose information about confidentiality agreements entered into between the Company and parties to the sales process. The Proxy does not disclose the terms of the standstill provisions, whether the standstill provisions are still in effect or have been waived, and which of the parties cannot make a superior proposal for the Company. The disclosure of the terms of any standstill provisions is crucial to Plaintiff being fully informed of whether his fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

### Materially Incomplete and Misleading Disclosures Concerning Potential Conflicts of Interest Faced by Company Insiders

36.    The Proxy fails to disclose the specifics of correspondence or discussions concerning Company directors' and/or officers' participation in the surviving company, including the rollover of their equity into the combined company and if any of Brookfield's proposals or indications of interest discussed any such management and/or director participation in the surviving company following the completion of the Proposed Transaction, including the purchase or rollover of their equity of the combined corporation.

37.    With respect to Defendant, Brian Sondey, the Company's CEO and Chairman of the Board, the Proxy fails to disclose approximately how much Sondey is saving on U.S. federal income taxes through his Rollover Agreement.

38.    This information is necessary to provide Company stockholders a complete and

accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

39.     In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

40.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

41.     Further, the Proxy indicates that on April 11, 2023, Goldman Sachs reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Triton stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Goldman Sachs's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

42.     Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

43.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44.     Defendants have filed the Proxy with the SEC with the intention of soliciting Triton stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

45.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Triton, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

46.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

47.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Triton shares and the financial analyses performed by Goldman Sachs in support of its fairness opinion; (iii) the sales process; and (iv) potential conflicts of interest involving Company insiders.

48.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or

should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Goldman Sachs reviewed and discussed its financial analyses with the Board during various meetings including on April 11, 2023, and further states that the Board considered Goldman Sachs's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

49.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

### Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

50.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

51.     The Individual Defendants acted as controlling persons of Triton within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Triton and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in

the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

52.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

53.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

54.    In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

55.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

56.    As set forth above, the Individual Defendants had the ability to exercise control

over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.    Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Triton stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.    Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.    In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.    Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.    Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.    Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: August 8, 2023                         **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*